# Exhibit 9

1 of 1 DOCUMENT

Copyright 2003 Gannett Company, Inc.
USA TODAY

May 14, 2003, Wednesday, FINAL EDITION

**SECTION:** MONEY; Pg. 3B

**LENGTH:** 556 words

**HEADLINE:** Shareholders win in Hanover settlement

**BYLINE:** Edward Iwata

**BODY:**
An $80 million settlement of a securities-fraud lawsuit against Hanover Compressor announced Tuesday could be a model for corporate reform in the post-Enron era, legal and corporate experts say.

The unusual settlement gives shareholders of Hanover, an oil-services firm in Houston, sweeping new powers to police potential accounting fraud.

The most striking provision: Hanover shareholders with more than 1% of company stock will get to nominate two independent directors to the company's slate of candidates during proxy season. This is believed to be a first among publicly traded companies.

"This is groundbreaking," says Rich Koppes, an attorney at Jones Day Reavis & Pogue and former legal counsel of giant pension fund Calpers. "It goes to the heart of corporate power."

"Shareholder democracy has a real chance here," adds Richard Bennett of Lens Governance Advisors, a corporate-governance group.

The settlement comes as the Securities and Exchange Commission, the New York Stock Exchange and Nasdaq debate similar proposals to snuff financial fraud in companies.

Despite outrage over corporate misdeeds and many billions of dollars in shareholder losses, few companies have dramatically strengthened their oversight of management and accounting.

The settlement was disclosed by Hanover and Darren Robbins, an attorney at Milberg Weiss, a San Diego class-action law firm for Hanover shareholders. Key terms include:

   * Rotating auditing firms. Hanover will change its outside auditing firm every five years. The Sarbanes-Oxley Act, the corporate reform law passed last year, requires only that the partner who audits a corporate client be rotated every five years.

   * More independent directors. Two-thirds of the Hanover board will be independent, far more than most boards, with no "material" business or personal ties to the company.

   * Stronger board committees. Hanover's audit and other key committees will be filled with only independent directors. If trouble arises, they will have the power to hire outside law firms and consultants.

   * A new super director. A so-called lead independent director will have the authority to set board meetings and hire outside law firms and consultants.

Other provisions include "insider-trading controls" to make it harder for corporate insiders to sell their shares based on Hanover's poor performance. Executives, for instance, will be barred from betting against Hanover by investing in certain stock options.

Robbins praised Hanover Chairman Victor Grijalva for pushing for corporate-governance reforms. Usually, securities-

Shareholders win in Hanover settlement USA TODAY May 14, 2003, Wednesday

fraud attorneys and the executives they sue are avowed enemies.

"When management rolls up its sleeves," Robbins says, "the effect can be very positive."

Shareholders sued Hanover two years ago, alleging securities fraud. Last year, Hanover CEO Michael McGhan and COO Charles Erwin resigned.

The SEC is investigating the company, which restated its books, slashing $83 million from revenue in 1999, 2000 and 2001.

While praising the Hanover settlement, one legal scholar warned that corporate-governance reform might be too costly and burdensome for other firms. "It's not a cookie-cutter situation," says Henry Hu, a law professor at the University of Texas.

**LOAD-DATE:** May 14, 2003