1

2

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
Alan R. Plutzik, Of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94589
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

3

4

5

-and-

6

7

8

9

10

Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

11

*Counsel for Plaintiffs Yenna Wu and Linda Erikson*
*and [Proposed] Lead Counsel*

12

**UNITED STATES DISTRICT COURT**

13

**NORTHERN DISTRICT OF CALIFORNIA**

14

**SAN JOSE DIVISION**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| YENNA WU, Derivatively on Behalf of Nominal Defendant EXTREME NETWORKS, INC.<br><br>Plaintiff,<br><br>v.<br><br>GORDON L. STITT, HERB SCHNEIDER, STEPHEN HADDOCK, PAUL ROMEO, VITO PALERMO, HAROLD COVERT, DARRELL SCHERBARTH, CHRISTOPHER N. TODD, ALEXANDER J. GRAY, FRANK C. CARLUCCI, WILLIAM R. SLAKEY, CHARLES CARINALLI, HARRY SILVERGLIDE, MICHAEL WEST, KENNETH LEVY, ROBERT L. COREY, PETER WOLKEN, and PROMOD HAQUE,<br><br>Defendants,<br><br>and<br><br>EXTREME NETWORKS, INC.,<br><br>Nominal Defendant. | Case No. C 07-02268 RMW<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS YENNA WU AND LINDA ERIKSON'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF FRANK A. GRUCEL, JR.**<br><br>Date: July 27, 2007<br>Time: 9:00 a.m.<br>Before: Hon. Ronald M. Whyte |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS YENNA WU AND LINDA
ERIKSON'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND
LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF FRANK A. GRUCEL
CASE NO. C 07-02268 RMW

| | |
|---|---|
| 1 | LINDA ERIKSON, Derivatively on Behalf of ) Case No. C 07-02388 RMW |
| 2 | Nominal Defendant EXTREME NETWORKS, INC. ) |
| 3 | Plaintiff, ) |
| | v. ) |
| 4 | GORDON L. STITT, HERB SCHNEIDER, ) |
| 5 | STEPHEN HADDOCK, PAUL ROMEO, VITO ) |
| | PALERMO, HAROLD COVERT, DARRELL ) |
| 6 | SCHERBARTH, CHRISTOPHER N. TODD, ) |
| | ALEXANDER J. GRAY, FRANK C. CARLUCCI, ) |
| 7 | WILLIAM R. SLAKEY, CHARLES CARINALLI, ) |
| | HARRY SILVERGLIDE, MICHAEL WEST, ) |
| 8 | KENNETH LEVY, ROBERT L. COREY, PETER ) |
| 9 | WOLKEN, and PROMOD HAQUE, ) |
| | Defendants, ) |
| 10 | and ) |
| 11 | EXTREME NETWORKS, INC., ) |
| 12 | Nominal Defendant. ) |
| 13 | FRANK A. GRUCEL, JR., Derivatively on Behalf of ) Case No. C 07-02848 RMW |
| 14 | Nominal Defendant EXTREME NETWORKS, INC. ) |
| 15 | Plaintiff, ) |
| | v. ) |
| 16 | GORDON L. STITT, MICHAEL WEST, WILLIAM ) |
| 17 | R. SLAKEY, MICHAEL J. PALU, ALEXANDER J. ) |
| | GRAY, HERB SCHNEIDER, FRANK C. ) |
| 18 | CARLUCCI, STEVEN HADDOCK, ALICIA ) |
| | JAYNE MOORE, HARRY SILVERGLIDE, ) |
| 19 | ROBERT L. COREY, KENNETH LEVY, ) |
| 20 | CHARLES P. CARINALLI, and PETER WOLKEN, ) |
| 21 | Defendants, ) |
| | and ) |
| 22 | EXTREME NETWORKS, INC., ) |
| 23 | Nominal Defendant. ) |
| 24 | ) |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS YENNA WU AND LINDA
ERIKSON'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND
LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF FRANK A. GRUCEL
CASE NO C 07-02268 RMW

2

1   Derivative plaintiffs Yenna Wu and Linda Erikson respectfully submit this memorandum

2   of law in further support of their motion to consolidate the related actions, appoint themselves as

3   Lead Plaintiffs and approve their selection of Lead Counsel, and in opposition to the motion filed

4   by plaintiff Frank A. Grucel, Jr. for his appointment as Lead Plaintiff and appointment of Lerach

5   Coughlin Stoia Geller Rudman & Robbins as Lead Counsel.[1]

6   **MEMORANDUM OF POINTS AND AUTHORITIES**

7   **I.     INTRODUCTION**

8   A plaintiff who leads a shareholder's derivative suit occupies a position "of a fiduciary

9   character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands,

10  dependent upon his diligence, wisdom and integrity." *Cohen v. Beneficial Loan Corp.*, 337 U.S.

11  541 (1949).    Thus, "[p]ursuant to Fed. R. Civ. P. 23.1, a plaintiff bringing a derivative

12  shareholder action must be qualified to serve in a fiduciary capacity as a representative of the

13  class of stockholders, whose interest is dependent upon the representative's adequate and fair

14  prosecution of the action." *Bender v. Parks*, 2004 U.S. Dist. LEXIS 17090, at *11 (D.D.C. Jan.

15  15, 2004) (citation omitted); *see Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990)

16  (discussing qualities necessary to satisfy adequacy of a proposed derivative plaintiff).  Currently,

17  there are two motions pending filed by: (1) plaintiffs Yenna Wu ("Ms. Wu") and Linda Erikson

18  ("Ms. Erikson"), who request their appointment as Lead Plaintiffs and the appointment of their

19  selection of the law firm of Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway) as

20  Lead Counsel; and (2) plaintiff Frank A. Grucel, Jr. ("Mr. Grucel"), who requests his

21  appointment as Lead Plaintiff and the appointment of Lerach Coughlin Stoia Geller Rudman &

22  Robbins LLP ("Lerach Coughlin") as Lead Counsel.

23  Here, for the reasons stated herein, of the competing lead plaintiff movants, Ms. Wu and

24  Ms. Erikson are most capable of "act[ing] in the stead of the corporation, as a corporate surrogate

25

26  _____

27  [1] All movants agree that consolidation of these actions is proper, thus, that aspect of the
    competing motions is unopposed.

28

1  seeking vindication of a corporate right" as they will ensure that Defendants are held accountable

2  for their improper options backdating scheme. *Sweet v. Bermingham*, 65 F.R.D. 551, 553

3  (S.D.N.Y. 1975). In the alternative, should this Court deem it appropriate, Ms. Wu and Ms.

4  Erikson should be appointed as Co-Lead Plaintiffs with the other competing Lead Plaintiff

5  movant and their counsel, Schiffrin Barroway should be appointed as Co-Lead Counsel with

6  Lerach Coughlin.[2]

7
8  ## II.    MS. WU AND MS. ERIKSON SHOULD BE APPOINTED AS LEAD PLAINTIFFS

9      In considering the appointment of a lead plaintiff in a shareholder derivative action,

10 courts readily assess which movant will adequately serve the interests of the derivative plaintiffs

11 and the nominal defendant. *Millman v. Brinkley*, 2004 U.S. Dist. LEXIS 20113, *8 (N.D. Ga.

12 Oct. 1, 2004). The various factors that courts consider include: (1) the quality of the pleadings;

13 (2) the vigorousness of the prosecution of the lawsuits; and (3) whether plaintiffs are represented

14 by capable counsel. *Millman*, 2004 U.S. Dist. LEXIS 20113, at *9-11; *Dollens v. Zionts*, 2001

15 U.S. Dist. LEXIS 19966, *13-19 (N.D. Ill. Dec. 4, 2001). An evaluation of these factors

16 supports the appointment of Ms. Wu and Ms. Erikson as Lead Plaintiffs.

17     Here, plaintiffs Ms. Wu and Ms. Erikson each filed complaints on behalf of Extreme

18 Networks, Inc. ("Extreme" or the "Company") within one week of each other. In an effort to

19 vigorously prosecute the actions, plaintiffs Ms. Wu and Ms. Erikson, together with Defendants,

20 filed a stipulation consolidating the related actions, appointing Ms. Wu and Ms. Erikson as Lead

21 Plaintiffs and their counsel, Schiffrin Barroway, as Lead Counsel and setting a schedule for the

22 filing of a consolidated complaint and a subsequent briefing schedule on May 22, 2007. More

23 than a month after Ms. Wu initially filed her complaint, and after plaintiffs Ms. Wu and Ms.

24

25     [2] As explained in Ms. Wu's and Ms. Erikson's letter filed with the Court on July 12,
26 2007, it would serve the interests of judicial economy and all Plaintiffs to hold a single hearing
to determine the appointment of lead counsel and lead plaintiff in these actions. Mr. Grucel's
27 recent suggestion in his Statement of Non-Opposition that Ms. Wu and Ms. Erikson are engaging
28 in "gameplaying" is unfounded.

1  Erikson had entered into a stipulation with Defendants, plaintiff Mr. Grucel filed a complaint on

2  May 31, 2007 on behalf of Extreme.  Each of the complaints seek to remedy defendants'

3  breaches of fiduciary duty, unjust enrichment, statutory violations, and other violations of law

4  arising out of defendants' conduct of authorizing the backdating of stock option grants to

5  Extreme's top executives at the expense of Sonic and its shareholders.  However, in addition to

6  the foregoing, Ms. Wu's amended complaint filed on June 15, 2007 also includes a unique

7  allegation pursuant to Delaware General Corporations Law for the Company's Board of

8  Directors' failure to hold a statutorily required shareholder meeting within the requisite time

9  period – an allegation not found in Mr. Grucel's complaint.[3]  The inclusion of this additional

10  valuable claim not only demonstrates that the complaints filed by Ms. Wu and Ms. Erikson are

11  superior to those of the competing movant but also demonstrates Ms. Wu's and Ms. Erikson's

12  dedication to vigorously prosecute defendants for *all* violations of law which have caused injury

13  to Extreme and its shareholders.  Further, Ms. Wu and Ms. Erikson, through their counsel,

14  Schiffrin Barroway, have also hired a forensic investigator to assist in litigation strategy.  Thus,

15  for all the foregoing reasons, Ms. Wu and Ms. Erikson should be appointed as Lead Plaintiffs.

16

17  ## III.  THE COURT SHOULD APPOINT SCHIFFRIN BARROWAY AS LEAD COUNSEL

18  In selecting Lead Counsel, the "guiding principle" is who will "best serve the interest of

19  the plaintiffs." *Millman*, 2004 U.S. Dist. LEXIS 20113 at * 9.  Here, Schiffrin Barroway will

20  best serve the interests of all plaintiffs.  As fully set forth in Ms. Wu's and Ms. Erikson's

21  opening memorandum, Schiffrin Barroway has a long and proven track record of successfully

22  prosecuting complex shareholder actions, like this one, in both state and federal courts across the

23  country, including serving in a leadership capacity in a numerous derivative cases in the State of

24  California.  Moreover, Schiffrin Barroway is one of the leading law firms which has specialized

25  in prosecuting claims relating to options backdating, seeking not only to hold the directors and

26

27  [3] Since Ms. Wu filed her amended complaint, the Company has noticed an annual
28  shareholder meeting for July 30, 2007.

1  officers responsible for their past misconduct but also to ensure that proper corporate reform is

2  instituted so that these practices are finally eliminated. In light of their extensive record of

3  success in shareholder litigation, their expertise in options backdating litigation, and their

4  vigorous, high-quality prosecution of this action, the Court should appoint Schiffrin Barroway as

5  Lead Counsel. In the alternative, Schiffrin Barroway and Lerach Coughlin should be appointed

6  as Co-Lead Counsel as both firms have demonstrated an ability to work efficiently together in a

7  number of similar cases based upon defendants' backdating of stock options.[4]    Further,

8  considering Schiffrin Barroway and Lerach Coughlin are harmoniously serving as co-lead

9  counsel in these numerous backdating cases, Mr. Grucel's implication in his Statement of Non-

10  Opposition that Schiffrin Barroway would fail to represent the interests of the Company is not

11  only odd but patently untrue.

12  ## IV.    THE COURT SHOULD APPOINT SCHIFFRIN BARROWAY AS LEAD COUNSEL

13

14         For the foregoing reasons, plaintiffs Ms. Wu and Ms. Erikson submit that they should be

15  appointed as lead plaintiffs, and their counsel should be appointed as lead counsel. In the

16  alternative, despite having filed this litigation first and despite the superiority of their complaints,

17  plaintiffs Ms. Wu and Ms. Erikson suggest that they would be willing to serve as co-lead

18  plaintiffs with Mr. Grucel, and their counsel would serve as co-lead counsel with the Lerach

19  Coughlin firm.

---

[4] *See, e.g. In re Ditech Networks, Inc., Derivative Litigation*, Master File No. C 06-06-05157 JF (N.D. Cal. Nov. 29, 2006) (order appointing Schiffrin Barroway and Lerach Couglin as Co-Lead Counsel in derivative options backdating litigation)(Albert Decl. at Exhibit A); *Dossett v. Cline, et al.*, Master File No. 5:06-cv-03484 JF (N.D. Cal. July 13, 2006) (same) (Albert Decl. at Exhibit B); *Chu v. Hughes, et al.*, Master File No. C 06-3513 JF MHP (N.D. Cal. Aug. 10, 2006) (same) (Albert Decl. at Exhibit C); *Hergotz v. Sola, et al.*, Master File No. C 06-3783 JF (N.D. Cal. Aug. 31, 2006) (same) (Albert Decl. at Exhibit D); *Kalindjian v. Antle, et al.*, Master File No. C 06-3440 JF (N.D. Cal. Sept. 6, 2006) (same) (Albert Decl. at Exhibit E).

Dated: July 18, 2007

Respectfully Submitted,

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**

/s/ Alan R. Plutzik
Alan R. Plutzik, Of Counsel (Bar No. 077785)
Robert M. Bramson, Of Counsel (Bar No. 102006)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiffs Yenna Wu and Linda Erikson
and [Proposed] Lead Counsel*

MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS YENNA WU AND LINDA
ERIKSON'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND
LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF FRANK A. GRUCEL
CASE NO C 07-02268 RMW

7