1 | LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | JOHN K. GRANT (169813)
    SHAWN A. WILLIAMS (213113)
3 | MONIQUE C. WINKLER (213031)
    AELISH M. BAIG (201279)
4 | 100 Pine Street, Suite 2600
    San Francisco, CA 94111
5 | Telephone: 415/288-4545
    415/288-4534 (fax)
6 | johng@lerachlaw.com
    shawnw@lerachlaw.com
7 | mwinkler@lerachlaw.com
    abaig@lerachlaw.com
8

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YENNA WU, Derivatively on Behalf of Nominal Defendant EXTREME NETWORKS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GORDON L. STITT, et al., <br><br> Defendants, <br><br> – and – <br><br> EXTREME NETWORKS, INC., <br><br> Nominal Defendant. | No. C-07-02268-RMW <br><br> PLAINTIFF FRANK A. GRUCEL, JR.'S OPPOSITION TO PLAINTIFFS YENNA WU AND LINDA ERIKSON'S MOTION TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL <br><br> DATE: August 17, 2007 <br> TIME: 9:00 a.m. <br> COURTROOM: The Honorable Ronald Whyte |

[Caption continued on following page.]

| | | |
|---|---|---|
| 1 | LINDA ERIKSON, Derivatively on Behalf of Nominal Defendant EXTREME NETWORKS, INC., | ) ) ) |
| 2 | | ) |
| 3 | Plaintiff, | ) ) |
| 4 | vs. | ) ) |
| 5 | GORDON L. STITT, et al., | ) ) |
| 6 | Defendants, | ) ) |
| 7 | – and – | ) ) |
| 8 | EXTREME NETWORKS, INC., | ) ) |
| 9 | Nominal Defendant. | ) ) |
| 10 | FRANK A. GRUCEL, JR., Derivatively on Behalf of EXTREME NETWORKS, INC., | ) ) |
| 11 | | ) |
| 12 | Plaintiff, | ) ) |
| 13 | vs. | ) ) |
| 14 | GORDON L. STITT, et al., | ) ) |
| 15 | Defendants, | ) ) |
| 16 | – and – | ) ) |
| 17 | EXTREME NETWORKS, INC., a Delaware corporation, | ) ) |
| 18 | Nominal Defendant. | ) ) |

No. C-07-02388-RMW

No. C-07-02848-RMW

## I. Introduction

On June 8, 2007, plaintiff Frank A. Grucel, Jr. ("Grucel") filed a Motion to Consolidate Actions and to Appoint Frank A. Grucel, Jr. Lead Plaintiff and Appoint Lerach Coughlin Stoia Geller Rudman & Robbins LLP Lead Counsel (the "Grucel Motion"), setting it for hearing on July 17, 2007. After having missed the deadline to oppose the Grucel Motion, plaintiffs Yenna Wu ("Wu") and Linda Erikson ("Erikson") filed a belated Motion to Consolidate Related Actions and Appoint Lead Plaintiffs and Lead Counsel (the "Wu/Erikson Motion").

On May 31, 2007, Grucel commenced a shareholder derivative action on behalf of Extreme Networks, Inc. ("Extreme Networks") against its directors and certain senior executives ("Defendants") for breach of fiduciary duty and violations of federal securities law and state law. Grucel alleged that since at least 2000, Defendants caused Extreme Networks to secretly grant millions of stock options, many of which were backdated in order to provide Extreme Networks insiders with lower strike prices. ¶¶43-48.[1]

All parties agree that consolidation is appropriate. In addition, Grucel should be appointed lead plaintiff and Lerach Coughlin Stoia Geller Rudman & Robbins, LLP ("Lerach Coughlin") lead counsel.

## II. Consolidation of Related Cases Should Be Granted

Three similar actions are pending in this district:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Wu v. Stitt, et al.* | 5:07-cv-02268-RMW | 04/25/2007 |
| *Erikson v. Stitt, et al.* | 5:07-cv-02388-RMW | 05/02/2007 |
| *Grucel v. Stitt, et al.* | 5:07-cv-02848-RMW | 05/31/2007 |

---

[1] Unless otherwise noted, all paragraph ("¶") references are to the Verified Shareholder Derivative Complaint for Violation of the Federal Securities Laws and State Law Claims for Breach of Fiduciary Duty, Abuse of Control, Constructive Fraud, Corporate Waste, Unjust Enrichment, Gross Mismanagement, Action for Accounting and Violations of California Corporations Code, filed May 31, 2007 by Grucel, derivatively on behalf of Extreme Networks (the "Complaint"), *Grucel v. Stitt, et al.* (the "*Grucel* Action").

PLAINTIFF FRANK A. GRUCEL, JR.'S OPPOSITION TO PLAINTIFFS YENNA WU AND LINDA ERIKSON'S MOTION TO APPT LEAD PLAINTIFFS AND LEAD COUNSEL - C-07-02268-RMW      - 1 -

Grucel understands that no party objects to consolidation. Consolidation should be ordered because the actions arise from the same facts and make similar allegations.

### III. Grucel Should Be Appointed as Lead Plaintiff and Lerach Coughlin Should Be Appointed as Lead Counsel

Plaintiff Grucel should be appointed lead plaintiff. Grucel is best suited to serve as lead plaintiff because he has standing to assert claims on behalf of Extreme Networks for the entirety of the relevant period – having owned shares of Extreme Networks continuously since the Company's initial public offering in April 1999. Likewise, his selection of Lerach Coughlin, a California-based law firm with nearly 20 lawyers in San Francisco, should also be approved. Appointing Grucel and Lerach Coughlin as lead plaintiff and lead counsel will streamline this litigation, reduce litigation costs and provide judicial economy. Absent exceptional circumstances not present herein, there is no presumed need for multiple lead counsel in derivative actions. *See, e.g.*, *Theodore R. Kornreich Revocable Trust v. Barnholt*, No. C 06-03345 JW, Order Consolidating Related Derivative Cases and Appointing Lead Plaintiff and Lead Counsel at 3-4 (N.D. Cal. Oct. 23, 2006) (appointing sole lead plaintiff and lead counsel); *Hutton v. McAdam*, No. C-06-0794-RSL, Stipulation and Order Consolidating Cases for All Purposes, Appointing Lead Plaintiff and Lead Counsel, and Setting Schedule for Filing of Consolidated Complaint at 3 (W.D. Wash. Oct. 3, 2006) (appointing sole lead counsel); *In re OM Group, Inc. Sec. Litig.*, No. 1:02 CV- 2163-DCN, Order at 6-7 (N.D. Ohio Mar. 17, 2003) (appointing sole lead in case consolidating multiple derivative actions). *See* Williams Decl., Exs. A-C.[2]

Indeed, district courts have declined to appoint co-lead counsel absent a showing that co-counsel will better protect the interests at issue. *See, e.g.*, *In re Reliant Sec. Litig.*, Civ. A. No. 02-1810 (Consolidated), 2002 U.S. Dist. LEXIS 27777, at *11 (S.D. Tex. Aug. 27, 2002) (multiple counsel "more commonly will create needless complications, administratively and otherwise, substantial multiplicity of effort, and materially increased litigation costs"); *Bell v. Ascendant*

---

[2] "Williams Decl." refers to the Declaration of Shawn A. Williams in Support of Plaintiff Frank A. Grucel, Jr.'s Opposition to Plaintiffs Yenna Wu and Linda Erikson's Motion to Appoint Lead Plaintiffs and Lead Counsel, filed concurrently herewith.

PLAINTIFF FRANK A. GRUCEL, JR.'S OPPOSITION TO PLAINTIFFS YENNA WU AND LINDA ERIKSON'S MOTION TO APPT LEAD PLAINTIFFS AND LEAD COUNSEL - C-07-02268-RMW    - 2 -

1 *Solutions, Inc.*, No. Civ. A. 3:01-CV-0166, 2002 WL 638571, at *6 (N.D. Tex. Apr. 17, 2002); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246 (E.D. Va. 1999) (appointing sole lead counsel); *In re Orbital Scis. Corp. Sec. Litig.*, 188 F.R.D. 237, 240 (E.D. Va. 1999) (later ruling continuing to uphold sole lead counsel following initiation of later actions seeking to represent a more limited investor class). Grucel respectfully submits that adding a second firm to work with Lerach Coughlin is unnecessary and may result in duplication under the unique circumstances of this action.

Moreover, Grucel has chosen Lerach Coughlin to serve as lead counsel on behalf of Extreme Networks because of the firm's unique qualifications and resources to pursue recovery on behalf of Extreme Networks. Lerach Coughlin is a national law firm with over 180 lawyers, including nearly 20 lawyers in its San Francisco, California office. Lerach Coughlin's substantial presence in San Francisco will reduce litigation costs overall, improve communication with the Court, and generally streamline this litigation. Moreover, Lerach Coughlin and its shareholder derivative litigation department possess extensive experience litigating complex shareholder actions.

Further, while plaintiffs Wu and Erikson ask the Court to appoint plaintiffs Wu and Erikson as sole lead plaintiffs with their counsel Schiffrin Barroway Topaz & Kessler, LLP as lead counsel (Wu/Erikson Motion at 8), their motion fails to mention or explain their failure to timely oppose the Grucel Motion. Such failure cannot be cured by a letter to the Court or their attempt to make an end-run around the local rules by filing a separate Motion to Consolidate Related Actions and Appoint Lead Plaintiffs and Lead Counsel on July 10, 2007 – and then subsequently filing an untimely opposition to the Grucel Motion on July 18, 2007. Plaintiffs Wu and Erikson's failure to follow Civ. L.R. 7.3(a) regarding motion practice clearly demonstrates that they are not best suited to serve as lead plaintiffs on behalf of Extreme Networks.

**IV. Conclusion**

For all the foregoing reasons, Grucel respectfully requests that the Court grant his motion and deny the late-filed Wu/Erikson Motion.

| | |
|---|---|
| DATED:  July 27, 2007 | Respectfully submitted, |
| | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>JOHN K. GRANT<br>SHAWN A. WILLIAMS<br>MONIQUE C. WINKLER<br>AELISH M. BAIG |
| | /s/<br>SHAWN A. WILLIAMS |
| | 100 Pine Street, Suite 2600<br>San Francisco, CA  94111<br>Telephone:  415/288-4545<br>415/288-4534 (fax) |
| | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>DARREN J. ROBBINS<br>TRAVIS E. DOWNS III<br>KATHLEEN A. HERKENHOFF<br>JAMES I. JACONETTE<br>BENNY C. GOODMAN III<br>MARY LYNNE CALKINS<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) |
| | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>THOMAS G. WILHELM<br>9601 Wilshire Blvd., Suite 510<br>Los Angeles, CA  90210<br>Telephone:  310/859-3100<br>310/278-2148 (fax) |
| | [Proposed] Lead Counsel for Plaintiff |

T:\CasesSF\Extreme Networks\BRF00043996.doc

PLAINTIFF FRANK A. GRUCEL, JR.'S OPPOSITION TO PLAINTIFFS YENNA WU AND LINDA ERIKSON'S MOTION TO APPT LEAD PLAINTIFFS AND LEAD COUNSEL - C-07-02268-RMW        - 4 -

1  CERTIFICATE OF SERVICE

2  I hereby certify that on July 27, 2007, I electronically filed the foregoing with the Clerk of
3  the Court using the CM/ECF system which will send notification of such filing to the e-mail
4  addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have
5  mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF
6  participants indicated on the attached Manual Notice List.

7  I certify under penalty of perjury under the laws of the United States of America that the
8  foregoing is true and correct. Executed on July 27, 2007.

/s/
SHAWN A. WILLIAMS

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

E-mail:Shawnw@lerachlaw.com

# Mailing Information for a Case 5:07-cv-02848-RMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Aelish Marie Baig**
  AelishB@lerachlaw.com

- **Travis E. Downs , III**
  travisd@lerachlaw.com,e_file_sd@lerachlaw.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Shawn A. Williams**
  shawnw@lerachlaw.com,cwood@lerachlaw.com,e_file_sf@lerachlaw.com,travisd@lerachlaw.cor

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Darren Jay Robbins
 Lerach Coughlin Stoia Geller Rudman  & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
```