# Exhibit A

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Theodore R. Kornreich Revocable Trust, et al., <br><br> Plaintiffs, <br> v. <br><br> Edward W. Barnholt, et al., <br><br> Defendants. <br>_____/ | NO. C 06-03345 JW <br><br> Related Cases:  C-06-3445-JW, C-06-3512-JW, C-06-4002-JW <br><br> **ORDER CONSOLIDATING RELATED DERIVATIVE CASES AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL** |

### I.  INTRODUCTION

There are currently four related shareholders' derivative actions (the "Related Derivative Cases") on behalf of Nominal Defendant KLA-TENCOR, Inc. ("KLA") pending before the Court.[1] Presently before the Court are a number of motions to consolidate the Related Derivative Cases and to appoint lead plaintiff and lead counsel.[2]  The Court conducted a hearing on October 23, 2006. Based on the papers filed to date and the oral arguments of counsel, the Court ORDERS (1) the Related Derivative Cases consolidated; (2) Alaska Electrical Pension Fund appointed Lead Plaintiff; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach") appointed Lead Counsel.

---

[1]  The Related Derivative Cases are: <u>Theodore R. Kornreich Revocable Trust v. Barnholt, et al.</u>, 06-3345 JW (filed May 22, 2006); <u>Ziolkowski v. Levy, et al.</u>, 06-3445 JW (filed May 26, 2006); <u>Ziering v. Levy, et al.</u>, 06-3512 JW (filed May 31, 2006); and <u>Alaska Electrical Pension Plan v. Levy, et al.</u>, 06-4002-JW (filed June 28, 2006).

[2]  Several of these motions reference a fifth case, <u>Rabin v. Barnholt, et al.</u>, 06-4142 JW (filed July 3, 2006).  Pursuant to the Court's October 23, 2006 Order Granting Remand, that case is no longer before the Court.

## II.  BACKGROUND

On May 22, 2006, Theodore R. Kornreich Revocable Trust ("Kornreich") filed the first shareholders' derivative complaint on behalf of KLA alleging that Defendants, senior executives and directors of KLA, engaged in an illegal stock option "backdating" scheme which diverted millions of dollars to Defendants and caused KLA to issue materially false and misleading financial statements in violation of the federal securities laws and California and Delaware securities laws.  Subsequent to Kornreich's filing, Mark Ziering ("Ziering"), James Ziolkowski ("Ziolkowski"), and Alaska Electrical Pension Fund ("Alaska Electrical") filed similar actions on behalf of KLA.  The Court found that these derivative actions were related within the meaning of Civil Local Rule 3-12(a). (See Related Case Orders, Docket Items No. 24, 47.)

On June 30, 2006, Kornreich filed a motion to consolidate the related derivative actions then pending and to appoint lead plaintiff and counsel; the motion was amended on July 6, 2006.[3]  (See Docket Item Nos. 27, 37.)  On August 4, 2006, Alaska Electric and Ziolkowski separately filed motions to consolidate the related derivative actions then pending and to appoint lead plaintiff and lead counsel.  (See Docket Items Nos. 50, 53.)  On August 21, 2006, Ziering filed an opposition to Kornreich and Alaska Electrical's motions.  (See Docket Item No. 65.)  On August 31, 2006, Ziering withdrew his opposition.  (See Docket Item No. 12, Case No. 06-3512 JW.)

## III.  DISCUSSION

The Derivative Plaintiffs seek consolidation of the Related Derivative Cases and appointment of lead plaintiff and lead counsel.  The Court must determine whether the cases should be consolidated before it considers the appointment of lead plaintiff and lead counsel.

**A.   Consolidation of the Related Derivative Cases**

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989).  In exercising its broad discretion to order

---

[3] On August 18, 2006, Kornreich filed a voluntary dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 41(a).  (See Docket Item No. 59.)

consolidation, the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

Here, the Derivative Plaintiffs move for consolidation of the four currently pending Related Derivative Cases. Having reviewed the complaints in these actions, the Court concludes that they all involve virtually identical factual issues, in particular whether the Defendants participated in an illegal stock option backdating scheme. The legal issues involved in the four actions are substantially similar; three of the actions allege violations of both federal and state securities laws, and all allege breaches of the Defendants' fiduciary duties. Since no party has opposed the consolidation motions nor identified any inconvenience, delay, or expense that would result from consolidation, the Court finds it appropriate to consolidate the Related Derivative Cases.

**B.      Appointment of Lead Plaintiff**

According to Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Factors courts have considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment. See Horn v. Raines, 227 F.R.D. 1, 3 (D.D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

Alaska Electrical has submitted a motion to be named Lead Plaintiff. It has a substantial financial stake in this lawsuit and should be well-capable of representing the interests of KLA and its shareholders. The Court does not find that any factors against establishing this proposed leadership structure. The Court appoints Alaska Electrical as Lead Plaintiff.[4]

---

[4] Plaintiff Ziolkowski also submitted a motion to be named Lead Plaintiff. However, he has failed to submit any information about his stake in the litigation, nor has he provided any non-conclusory evidence of his fitness to serve as Lead Plaintiff.

3

### C. **Appointment of Lead Counsel**

Alaska Electrical has selected Lerach to represent it in this action. The firm has substantial experience with similar shareholder actions. The Court finds it appropriate to appoint Lerach as Lead Counsel.

### IV. CONCLUSION

The Court ORDERS (1) the Related Derivative Cases consolidated; (2) Alaska Electrical Pension Fund appointed Lead Plaintiff; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP appointed Lead Counsel.

The Clerk shall consolidate these actions.

Though case 06-03345-JW is the earliest filed case, the sole Plaintiff, Theordore R. Kornreich Revocable Trust has voluntarily dismissed itself. According, the Clerk shall close case 06-03345-JW.

Case 06-03445-JW is the next earliest filed action and therefore, it shall be the lead case. All future filings shall be filed in C-06-03445-JW and bear the caption: *"In re KLA-Tencor Corp. Shareholder Derivative Litigation."*

Dated: October 23, 2006

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Arthur L. Shingler ashingler@scott-scott.com
Benjamin P. Smith bpsmith@morganlewis.com
Eric L. Zagar ezagar@sbclasslaw.com
Jonathan Herschel Bornstein jonathan@bornsteinandbornstein.com
Joseph Edward Floren jfloren@morganlewis.com
Leigh A. Parker info@wllawca.com
Robert S. Green RSG@CLASSCOUNSEL.COM
Sean M. Handler ecf_filings@sbclasslaw.com
Shawn A. Williams shawnw@lerachlaw.com

**Dated: October 23, 2006**  **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
      **Elizabeth Garcia**
      **Courtroom Deputy**